UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KARA SOMMERVILLE,**

    Plaintiff,

                                 **CASE NO.:**

v.

**HOMES FOR HEROES INC.,**

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KARA SOMMERVILLE, by and through undersigned counsel, brings this action against Defendant, HOMES FOR HEROES INC., and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Seminole County which is in this District.

## PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a real estate company throughout Florida, and Plaintiff worked for Defendant remotely in Sanford, in Seminole County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

11. Plaintiff was employed by Defendant from in or around June 2023 until on or around August 11, 2023, as a Group Sales Executive.

12. Plaintiff suffers from a disability that qualifies as a disability/handicap under the ADA and the FCRA, and as such, is a member of a protected class under the ADA and the FCRA.

13. Specifically, in or around January 2023, Plaintiff sustained a traumatic brain injury ("TBI"), which causes her to suffer from severe migraines, nausea, and hearing loss in Plaintiff's left ear.

14. Additionally, Plaintiff also suffers from sciatica pain, with severe sciatica flare ups.

15. Plaintiff's TBI, with severe migraines, nausea, and hearing loss, substantially limits one or more of her major life activities, including walking, driving, and Plaintiff's ability to understand and remember verbal instructions.

16. Plaintiff's sciatica pain, with severe flare ups, also substantially limits one or more of her major life activities, including standing and sitting for long periods of time.

17. Throughout Plaintiff's employment with Defendant, Plaintiff was discriminated against based on her disability and was retaliated against for engaging in protected activity.

18. Plaintiff was initially scheduled to begin working for Defendant in or around February 2023.

19. However, Plaintiff sustained her traumatic brain injury in or around January 2023, causing the resulting sever migraines, nausea, and hearing loss.

20. On or around February 16, 2023, Plaintiff notified Defendant of her injury and that she would be unable to move forward with employment at that time.

21. However, Plaintiff was then medically cleared for remote work in or around May 2023 and informed Defendant of this, as Plaintiff's employment position with Defendant was remote.

22. Plaintiff then went through another interview process with Defendant, and began working remotely for Defendant in or around June 2023.

23. During Plaintiff's interview process with Defendant, Plaintiff discussed her disability with Defendant and informed Defendant that she may be in need of reasonable accommodations.

24. Roughly two weeks after Plaintiff began working for Defendant, while Plaintiff was still in training, she requested the reasonable accommodations of receiving written instructions / best practices for her job position, as her TBI made it difficult for Plaintiff to understand and remember verbal instructions.

25. However, Plaintiff's Manager showed frustration in response to this request.

26. Additionally, other employees began making disparaging comments about Plaintiff's request.

27. In or around June - July 2023, Plaintiff requested the reasonable accommodation of a couple of days off of work, due to her TBI and severe sciatica flare ups.

28. On or around July 26, 2023, Plaintiff experienced a debilitating migraine and nausea, due to her TBI.

29. Plaintiff informed her Manager of this and made the reasonable accommodation request for the day off from work, due to her TBI.

30. When Plaintiff received pushback from Defendant in response to this reasonable accommodation request, Plaintiff reminded Defendant of Plaintiff's disability (TBI and resulting conditions) and that Plaintiff cannot control her debilitating migraines, and, thus, was requesting this day off as a reasonable accommodation.

31. Plaintiff then requested ADA forms, so that she could further request a reasonable accommodation.

32. Defendant then sent these forms to Plaintiff on or around July 31, 2023.

33. At this point, Defendant did not inform Plaintiff that she needed any medical note for her absence.

34. However, on or around August 4, 2023, Defendant locked Plaintiff out of her computer and told Plaintiff to let Defendant know when she is medically cleared to return to work.

35. Defendant told Plaintiff that she was now on unpaid leave until Plaintiff returned the ADA forms, and that Plaintiff needed to provide Respondent with a medical note for her absence the week prior.

36. Plaintiff had the ADA forms completed by her doctor and on or around August 4, 2023, Plaintiff returned the ADA forms to Defendant.

37. The forms stated that Plaintiff required the reasonable accommodations of fifteen-minute breaks every two hours, an ergonomic chair, and a standing desk.

38. On or around August 7, 2023, Plaintiff returned to work, however, Defendant failed to provide Plaintiff with the reasonable accommodations that she requested.

39. However, at this point, Defendant began micromanaging and bullying Plaintiff, in retaliation for Plaintiff having engaged in protected activity.

40. On or around August 9, 2023, Plaintiff had a meeting with Defendant, regarding Defendant's denial of Plaintiff's reasonable accommodation requests.

41. However, rather than providing Plaintiff with a reasonable accommodation, Defendant's Human Resources Department ("HR") merely told Plaintiff that they would give her a "trial period" where they would allow her the fifteen-minute breaks.

42. However, Defendant denied Plaintiff the ergonomic chair and the standing desk, without engaging in an interactive process regarding these reasonable accommodation requests.

43. By denying Plaintiff's reasonable accommodation request, Defendant unreasonably refused to accommodate Plaintiff's disability/handicap.

44. Additionally, during this time, Plaintiff was still being unnecessarily micromanaged by Defendant.

45. On or around August 10, 2023, Plaintiff emailed HR and informed them that she needed to receive EEOC guidance regarding Defendant's response to her request for reasonable accommodations.

46. On or around August 11, 2023, Plaintiff emailed Defendant's HR Representative, Kacy, to inform her that she had debilitating nausea and a migraine.

47. At this time, Plaintiff requested to use PTO for the remainder of the day and the following Monday, knowing that this type of a severe flare up would last for days.

48. However, this same evening, on or around August 11, 2023, Respondent terminated Plaintiff's employment based on her disability, and/or in retaliation for her reasonable accommodation requests, in violation of the ADA and FCRA.

**COUNT I – ADA VIOLATION
(DISABILITY DISCRIMINATION)**

49. Plaintiff realleges and readopts the allegations of paragraphs 6 through 48 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the ADA.

51. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

52. Specifically, Defendant failed to provide Plaintiff with reasonable accommodations, micromanaged Plaintiff, and terminated Plaintiff's

employment, after Plaintiff disclosed her disability to Defendant and engaged in protected activity.

53. Defendant's actions were willful and done with malice.

54. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter an injunction restraining continued violation of the ADA;
- d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;
- e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;
- f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;
- g) Any other compensatory damages, including emotional distress, allowable at law;
- h) Punitive damages;
- i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

25. Plaintiff realleges and readopts the allegations of Paragraphs 6 through 47 of this Complaint, as though fully set forth herein.

26. Plaintiff has a disability, or was perceived by Defendant as having a disability.

27. Plaintiff requested a reasonable accommodations from Defendant.

28. Defendant failed to provide Plaintiff with reasonable accommodations for her handicap, failed to engage in an interactive process regarding a reasonable accommodation, and shortly thereafter, terminated her employment.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of the law enumerated herein;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained;

    i) All costs and attorney's fees incurred in prosecuting these claims; and

    j) For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

55. Plaintiff realleges and readopts the allegations of paragraphs 6 through 48 of this Complaint, as though fully set forth herein.

56. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

57. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

58. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by initially micromanaging Plaintiff and then, ultimately, terminating Plaintiff soon after she requested reasonable accommodations.

59. Defendant's actions were willful and done with malice.

60. The adverse employment action that Defendant took against Plaintiff was material.

61. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d)    That this Court enter an injunction restraining continued violation of the ADA;

    e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 48 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

65. Specifically, Defendant failed to provide Plaintiff with reasonable accommodations, micromanaged Plaintiff, and terminated Plaintiff's employment, after Plaintiff disclosed her disability to Defendant and engaged in protected activity.

66. Defendant's actions were willful and done with malice.

67. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

31. Plaintiff realleges and readopts the allegations of Paragraphs 6 through 47 of this Complaint, as though fully set forth herein.

32. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

33. Plaintiff requested reasonable accommodations from Defendant.

34. Defendant failed to provide Plaintiff with reasonable accommodations for her handicap, failed to engage in an interactive process regarding a reasonable accommodation, and shortly thereafter, terminated her employment.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

> g) Punitive damages;
>
> h) Prejudgment interest on all monetary recovery obtained;
>
> i) All costs and attorney's fees incurred in prosecuting these claims; and
>
> j) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 48 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by initially micromanaging Plaintiff and then, ultimately, terminating Plaintiff soon after she requested reasonable accommodations.

34. Defendant's actions were willful and done with malice.

35. Defendant took material adverse action against Plaintiff.

36. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

> a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of February, 2025.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **HANNAH E. DEBELLA**
        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**