UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARA SOMMERVILLE,

    Plaintiff,

v.                                    CASE NO.: 6:25-cv-00216-WWB-UAM

HOMES FOR HEROES INC.,

    Defendant.
_____/

**DEFENDANT HOME FOR HEROES INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, HOME FOR HEROES INC. ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff, KARA SOMMERVILLE ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1.    In response to Paragraph No. 1 of Plaintiff's Complaint, Defendant only admits only that jurisdiction is proper in this Court, but Defendant denies that Plaintiff is entitled to any relief from Defendant for the claims asserted, or that she has a valid claim against Defendant.

2.    In response to Paragraph No. 2 of Plaintiff's Complaint, Defendant admits only that jurisdiction is proper in this Court. Defendant denies that Plaintiff is entitled to any relief thereunder.

3.    In response to Paragraph No. 3 of Plaintiff's Complaint, Defendant

admits only that venue is property in this judicial district. Defendant denies any inconsistent allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

## PARTIES

4. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 4 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

5. Defendant admits the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

6. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 6 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

7. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 7 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

8. The allegations contained in Paragraph No. 8 of Plaintiff's Complaint constitute the mental impressions of Plaintiff and calls for a legal conclusion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 8, as stated.

9. In response to Paragraph No. 9 of Plaintiff's Complaint, Defendant admits only that Plaintiff was employed by Defendant from on or about May 22, 2023

to on or about August 11, 2023. Defendant denies any inconsistent allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

## FACTS

11. In response to Paragraph No. 11 of Plaintiff's Complaint, Defendant admits only that Plaintiff was employed by Defendant from on or about June 5, 2023 to on or about August 11, 2023 as an Affiliate Account Executive – Group Sales. Defendant denies any inconsistent allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 12 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

13. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 13 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

14. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 14 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

15. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 15 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

16. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 16 of Plaintiff's Complaint, and therefore, Defendant denies such allegations, as stated.

17. Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 19 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

20. Defendant admits the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21. In response to Paragraph No. 21 of Plaintiff's Complaint, Defendant admits only Plaintiff informed Defendant she was cleared to return to work in May 2023. Defendant denies the remaining inconsistent allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph No. 23 of Plaintiff's Complaint.

24. In response to Paragraph No. 24 of Plaintiff's Complaint, Defendant admits that roughly two weeks after Plaintiff began her employment with Defendant,

and while still training, Plaintiff requested reasonable accommodations of receiving written instructions/best practices for her job position. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph No. 24 of Plaintiff's Complaint, and therefore Defendant denies such allegations.

25. Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 28 of Plaintiff's Complaint, and therefore Defendant denies such allegations, as stated.

29. In response to Paragraph No. 29 of Plaintiff's Complaint, Defendant admits only that Plaintiff emailed her Manager on July 26, 2023. Defendant denies the remaining allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

30. In response to Paragraph No. 30 of Plaintiff's Complaint, Defendant denies Plaintiff received pushback from Defendant is response to a reasonable accommodation request. Defendant further denies the remaining inconsistent allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

31. In response to Paragraph No. 31 of Plaintiff's Complaint, Defendant admits Plaintiff requested ADA forms. Defendant is without sufficient knowledge to

admit or deny the remaining allegations contained in Paragraph No. 31 of Plaintiff's Complaint, and therefore Defendant denies the remaining allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

32. In response to Paragraph No. 32 of Plaintiff's Complaint, Defendant admits only that Defendant sent ADA forms to Plaintiff on July 26, 2023. Defendant denies any inconsistent allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in Paragraph No. 33 of Plaintiff's Complaint, as stated.

34. Defendant denies the allegations in Paragraph No. 34 of Plaintiff's Complaint, as stated.

35. Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Complaint, as stated.

36. Defendant admits the allegations in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendant admits the allegations in Paragraph No. 37 of Plaintiff's Compaint.

38. In response to Paragraph No. 38 of Plaintiff's Complaint, Defendant admits Plaintiff returned to work on August 7, 2023. Defendant denies the remaining inconsistent allegations in Paragraph No. 38 of Plaintiff's Complaint, as stated.

39. Defendant denies the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40. In response to Paragraph No. 40 of Plaintiff's Complaint, Defendant admits only that Plaintiff had a meeting with Defendant. Defendant denies the remaining inconsistent allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. In response to Paragraph No. 41 of Plaintiff's Complaint, Defendant admits a "trial period" regarding Plaintiff's fifteen-minute breaks. Defendant denies the remaining inconsistent allegations contained in Paragraph No. 41 of Plaintiff's Complaint, as stated.

42. In response to Paragraph No. 42 of Plaintiff's Complaint, Defendant denies it did not engage in an interactive process regarding Plaintiff's reasonable accommodations. Further, Defendant denies the remaining inconsistent allegations contained in Paragraph No. 42 of Plaintiff's Complaint, as stated.

43. Defendant denies the allegations in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in Paragraph No. 44 of Plaintiff's Complaint.

45. In response to Paragraph No. 45 of Plaintiff's Complaint, Defendant admits only that on August 11, 2023, Plaintiff emailed HR and informed them she needed to receive EEOC guidance. Defendant denies the remaining inconsistent allegations contained in Paragraph No. 45 of Plaintiff's Complaint, as stated.

46. Defendant admits Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant admits Paragraph No. 47 of Plaintiff's Complaint.

48. In response to Paragraph No. 48 of Plaintiff's Complaint, Defendant admits Plaintiff was terminated on August 11, 2023. Defendant denies the remaining inconsistent allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

49. In response to Paragraph No. 49 of Plaintiff's Complaint, Defendant realleges and incorporates its responses to Paragraphs 6 through 48 of Plaintiff's Complaint as if fully restated herein.

50. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 50 of Plaintiff's Complaint, therefore Defendant denies such allegations.

51. Defendant denies the allegations in Paragraph No. 51 of Plaintiff's Complaint.

52. Defendant denies the allegations in Paragraph No. 52 of Plaintiff's Complaint.

53. Defendant denies the allegations in Paragraph No. 53 of Plaintiff's Complaint.

54. Defendant denies the allegations in Paragraph No. 54 of Plaintiff's Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE clause following Paragraph No. 54 of Plaintiff's Complaint and demands judgment in Defendant's favor.

## COUNT II – FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

55. In response to Paragraph No. 55 (mislabeled by Plaintiff as No. 25) of Plaintiff's Complaint, Defendant realleges and incorporates its responses to Paragraphs 6 through 48 of Plaintiff's Complaint as if fully restated herein.

56. Defendant denies the allegations in Paragraph No. 56 (mislabeled by Plaintiff as No. 26) of Plaintiff's Complaint.

57. Defendant admits the allegations in Paragraph No. 57 (mislabeled by Plaintiff as No. 27) of Plaintiff's Complaint.

58. Defendant denies the allegations in Paragraph No. 58 (mislabeled by Plaintiff as No. 28) of Plaintiff's Complaint.

59. Defendant denies the allegations in Paragraph No., 59 (mislabeled by Plaintiff as No. 29) of Plaintiff's Complaint.

60. Defendant denies the allegations in Paragraph No. 60 (mislabeled by Plaintiff as No. 30) of Plaintiff's Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE clause following Paragraph No. 60 (mislabeled by Plaintiff as No. 30) of Plaintiff's Complaint and demands judgment in Defendant's favor.

## COUNT III – ADA RETALIATION

61. In response to Paragraph No. 61 of Plaintiff's Complaint (mislabeled by Plaintiff as No. 55), Defendant realleges and incorporates its responses to Paragraphs 6 through 48 of Plaintiff's Complaint as if fully restated herein.

62. Defendant denies the allegations in Paragraph No. 62 (mislabeled by Plaintiff as No. 56) of Plaintiff's Complaint.

63. Defendant admits the allegations in Paragraph No. 63 (mislabeled by Plaintiff as No. 57) of Plaintiff's Complaint.

64. Defendant denies the allegations in Paragraph No. 64 (mislabeled by Plaintiff as No. 58) of Plaintiff's Complaint.

65. Defendant denies the allegations in Paragraph No. 65 (mislabeled by Plaintiff as No. 59) of Plaintiff's Complaint.

66. Defendant denies the allegations in Paragraph No. 66 (mislabeled by Plaintiff as No. 60) of Plaintiff's Complaint.

67. Defendant denies the allegations in Paragraph No. 67 (mislabeled by Plaintiff as No. 61) of Plaintiff's Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE clause following Paragraph No. 67 (mislabeled by Plaintiff as No. 61) of Plaintiff's Complaint and demands judgment in Defendant's favor.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

68. In response to Paragraph No. 68 of Plaintiff's Complaint (mislabeled by Plaintiff as No. 62), Defendant realleges and incorporates its responses to Paragraphs 6 through 48 of Plaintiff's Complaint as if fully restated herein.

69. Defendant denies the allegations in Paragraph No. 69 (mislabeled by Plaintiff as No. 63) of Plaintiff's Complaint.

70. Defendant denies the allegations in Paragraph No. 70 (mislabeled by Plaintiff as No. 64) of Plaintiff's Complaint.

71. Defendant denies the allegations in Paragraph No. 71 (mislabeled by Plaintiff as No. 65) of Plaintiff's Complaint.

72. Defendant denies the allegations in Paragraph No. 72 (mislabeled by Plaintiff as No. 66) of Plaintiff's Complaint.

73. Defendant denies the allegations in Paragraph No. 73 (mislabeled by Plaintiff as No. 67) of Plaintiff's Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE clause following Paragraph No. 73 (mislabeled by Plaintiff as No. 67) of Plaintiff's Complaint and demands judgment in Defendant's favor.

## COUNT V – FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

74. In response to Paragraph No. 74 of Plaintiff's Complaint (mislabeled by Plaintiff as No. 31), Defendant realleges and incorporates its responses to Paragraphs 6 through 48 of Plaintiff's Complaint as if fully restated herein.

75. Defendant denies the allegations in Paragraph No. 75 (mislabeled by Plaintiff as No. 32) of Plaintiff's Complaint.

76. Defendant admits the allegations in Paragraph No. 76 (mislabeled by Plaintiff as No. 33) of Plaintiff's Complaint.

77. Defendant denies the allegations in Paragraph No. 77 (mislabeled by Plaintiff as No. 34) of Plaintiff's Complaint.

78. Defendant denies the allegations in Paragraph No. 78 (mislabeled by Plaintiff as No. 35) of Plaintiff's Complaint.

79. Defendant denies the allegations in Paragraph No. 79 (mislabeled by Plaintiff as No. 36) of Plaintiff's Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE clause following Paragraph No. 79 (mislabeled by Plaintiff as No. 36) of Plaintiff's Complaint and demands judgment in Defendant's favor.

## COUNT VI – FCRA RETALIATION

80. In response to Paragraph No. 80 of Plaintiff's Complaint (mislabeled by Plaintiff as No. 30), Defendant realleges and incorporates its responses to Paragraphs 6 through 48 of Plaintiff's Complaint as if fully restated herein.

81. Defendant denies the allegations in Paragraph No. 81 (mislabeled by Plaintiff as No. 31) of Plaintiff's Complaint.

82. Defendant admits the allegations in Paragraph No. 81 (mislabeled by Plaintiff as No. 32) of Plaintiff's Complaint.

83. Defendant denies the allegations in Paragraph No. 83 (mislabeled by Plaintiff as No. 33) of Plaintiff's Complaint.

84. Defendant denies the allegations in Paragraph No. 84 (mislabeled by Plaintiff as No. 34) of Plaintiff's Complaint.

85. Defendant denies the allegations in Paragraph No. 85 (mislabeled by Plaintiff as No. 35) of Plaintiff's Complaint.

86. Defendant denies the allegations in Paragraph No. 86 (mislabeled by Plaintiff as No. 36) of Plaintiff's Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE clause following Paragraph No. 86 (mislabeled by Plaintiff as No. 36) of Plaintiff's Complaint and demands judgment in Defendant's favor.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED SHOULD BE REGARDED AS DENIED.**

## AFFIRMATIVE DEFENSES

1. The Complaint, and each and every cause of action set forth therein alleged against Defendant, fails to state facts sufficient to constitute a cause of action against Defendant. The Complaint fails to state a *prima facie* case on each and every cause of action contained therein.

2. Plaintiff's Complaint fails to state a claim against Defendant, *inter alia*, because it fails to properly allege any protected activity that sets forth the basis of a retaliation claim.

3. Plaintiff's claims are barred because Defendant relied on legitimate non-

discriminatory and non-retaliatory business reasons in all decisions relating to Plaintiff's employment and termination.

4. Plaintiff's claims are barred because all acts and conduct of Defendant were justified and undertaken in good faith.

5. Plaintiff's claims are barred because any decisions made with respect to Plaintiff's employment were based on proper exercise of judgment regarding individual performance, qualifications, skills, effort, responsibility, merit, or other bona fide occupational qualifications.

6. To the extent that Plaintiff demonstrates that a discriminatory or retaliatory intent was a motivating factor for any challenged employment action, Defendant would have taken the same action in the absence of such impermissible motivating factor.

7. Plaintiff's claims are barred because if, arguendo, any acts taken by Defendant's officers, managers, and/or employees are deemed wrongful or unlawful, which Defendant denies, such acts were committed outside the course and scope of such person(s)'s employment, agency, and/or authority to act on behalf of Defendant; such acts were not authorized, adopted, condoned, or ratified by Defendant; Defendant did not have notice or knowledge of such conduct; nor did Defendant have any advanced knowledge of the alleged unfitness of any of its officers, managers, and/or employees.

8. Plaintiff's claims are barred because, upon information and belief, after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on

her claims, if any.

9. Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitations and/or administrative filing periods.

10. Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action, including, without limitation, her failure to timely pursue administrative remedies regarding alleged disability discrimination and retaliation.

11. To the extent Plaintiff seeks to recover benefits, including retirement benefits, her claim is preempted by the Employee Retirement Income Security Act of 1974.

12. Any recovery on Plaintiff's Complaint is barred in whole or in part by Plaintiff's failure to mitigate her damages. Consequently, any damages suffered by Plaintiff must be reduced in an amount by which Plaintiff and/or her agents could have mitigated those damages, if any.

13. The Complaint is barred in its entirety by the Doctrine of Unclean Hands by reason of Plaintiff's conduct or actions. Specifically, Plaintiff failed to follow certain policies and procedures in her employment with Defendant. Accordingly, Plaintiff's claims are barred by the Doctrine of Unclean Hands.

14. Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff was, at all relevant times, an at-will employee of Defendant.

15. Plaintiff cannot establish Defendant's articulated reason(s) for her alleged

termination was a pretext for unlawful retaliation and/or discrimination.

## **RESERVATION OF RIGHT TO AMEND**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 2, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, by way of the CM/ECF system, and was sent, via electronic mail, to:

Brandon J. Hill, Esquire
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
bhill@wfclaw.com
hdebella@wfclaw.com
*Counsel for Plaintiff*

GORDON REES SCULLY MANSUKHANI

*s/ Kristina L. Marsh*
Kristina L. Marsh, Esquire
Florida Bar No.: 0311080
Jaime L. Reitz, Esquire
Florida Bar No.: 1003684
Primary: kmarsh@grsm.com
Primary: jreitz@grsm.com
Secondary: jsimpson@grsm.com
Secondary: ohollifield@grsm.com
Secondary: mxguzman@grsm.com
Tertiary: TampaPleadings@grsm.com
100 S. Ashley Dr., Suite 1290
Tampa, FL 33602
Telephone (Main): 813-444-9700
Telephone (Direct): 813-523-4935
Facsimile: 813-377-3505
*Counsel for Defendant, Home for Heroes Inc.*